# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| PERRY ANTHONY HERRING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-CV-256-TRM-DCP ) |
| ANDERSON COUNTY, TENNESSEE, and ANDERSON COUNTY SHERIFF'S OFFICE, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER

Plaintiff, a former inmate of the Anderson County Detention Facility ("ACDF"), filed a *pro se* complaint for violation of 42 U.S.C. § 1983 alleging that he and other inmates did not receive mattresses or sufficient blankets for eight days during their ACDF confinement (Doc. 1), a motion for leave to proceed *in forma pauperis* (Doc. 2), a certified copy of his inmate account statement (Doc. 3), and a motion to appoint counsel (Doc. 4). However, more than fifteen months ago, the United States Postal Service returned mail the Court sent to Plaintiff at the ACDF, which is the most recent address he provided the Court (Doc. 1 at, 3), as undeliverable with a notation indicating that Plaintiff was released (Doc. 6 at, 1), and Plaintiff has not notified the Court of any change in his address or otherwise communicated with the Court after the return of this mail. The Court will address Plaintiff's motions in turn before addressing the return of mail to Plaintiff.

## I. FILING FEE

As it appears that Plaintiff cannot pay the filing fee in a lump sum, his motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**. But as Plaintiff does not appear to be incarcerated at this time, the Court does not assess him with the filing fee.

## II. MOTION TO APPOINT COUNSEL

In his motion to appoint counsel, Plaintiff states that (1) "[he] is unable to afford counsel [and] has requested leave to proceed *in forma pauperis*"; (2) "[his] imprisonment will greatly limit his ability to litigate"; (3) "[t]he issues involved are complicated[,] complex[,] [and] will require significant research [and] investigation"; (4) "[he] has limited access to the law library [and] limited knowledge of the law"; (5) "[a] trial in this case will likely involve conflicting testimony [and] counsel would be better suited to present evidence to the jury on behalf of [] Plaintiff[] [and] to cross examine witnesses"; and (6) he has been unable to obtain counsel (Doc. 4 at, 1–2).

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A district court has discretion to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, Plaintiff's complaint alleges only that he and others were denied mattresses and sufficient blankets, which is not a complex claim. As to the third factor, it is apparent that Plaintiff can adequately present his claim. Also, Plaintiff's allegations regarding his confinement, limited legal knowledge, and inability to obtain counsel are typical of prisoner

plaintiffs. Thus, Plaintiff has not established that this is an exceptional case supporting appointment of counsel, and his motion to appoint counsel (Doc. 4) is **DENIED**.

**III. RULE 41(b)**

The record demonstrates that Plaintiff failed to update the Court as to his current address and has not communicated with the Court about this case in more than fifteen months. Accordingly, for the reasons set forth more fully below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a *sua sponte* dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this case is due to his willfulness or fault. Specifically, as set forth above, more than fifteen months ago, the USPS returned mail the Court sent to Plaintiff regarding the requirement that he timely update his address with the Court with a notation indicating that the USPS was unable to deliver that mail to Plaintiff at the ACDF, which is the most recent address he provided the Court (Doc. 1 at, 3)

3

because Plaintiff was released (Doc. 6 at, 1). The Court further notes that the Anderson County Sheriff's Office website[1] confirms that Plaintiff is not currently in the custody of that entity. However, Plaintiff has not filed a notice of change of address or otherwise communicated with the Court since the USPS returned mail addressed to him at the ACDF more than fifteen months ago. Accordingly, it is apparent that Plaintiff has failed to update the Court as to his most recent address, monitor this case, or diligently prosecute this action, as the Court's Local Rule requires. *See* E.D. Tenn. LR83.13 (providing that a *pro se* party has a duty to notify the Clerk and the other parties to the proceedings of any change in his or her address within fourteen days, "to monitor the case, and to prosecute . . . the action diligently").

As to the second factor, Plaintiff's failure to update his address with the Court has not prejudiced Defendants. But the Court notes that, like the Court, Defendants cannot communicate with Plaintiff about this case without his current address. As to the third factor, while the Court tried to warn Plaintiff that failure to timely update the Court regarding an address change may result in dismissal of this action, the USPS returned the mail to Plaintiff containing that notice as undeliverable (Docs. 5, 6). Also, as to the fourth factor, the Court finds that alternative sanctions are not appropriate, as Plaintiff sought to proceed *in forma pauperis* herein (Doc. 2), and it does not appear that he seeks to prosecute this action. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).

---

[1] *See* https://tnacso.net/ (last visited Sept. 25, 2025).

Nothing about Plaintiff's *pro se* status prevented him from updating the Court as to his current address, and Plaintiff's *pro se* status does not mitigate the balancing of factors under Rule 41(b).

IV. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

2. Plaintiff's motion to appoint counsel (Doc. 4) is **DENIED**; and

3. This action will be **DISMISSED** pursuant to Rule 41(b).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**